ANDRÉ BIROTTE JR.
United States Attorney
SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office
CHARLES E. PELL (Cal. State Bar No. 210309)
Assistant United States Attorney
Riverside Branch Office
    3880 Lemon Street, Suite 210
    Riverside, California 92501
    Telephone: (951) 276-6104
    Facsimile: (951) 276-6202
    Email:    Charles.E.Pell2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) No. ED CR 10-00006-VAP |
|---|---|
| Plaintiff, | ) <u>GOVERNMENT'S SENTENCING</u> <u>POSITION AND OBJECTION TO PRE-</u> |
| v. | ) <u>SENTENCE REPORT FOR NATHAN</u> <u>RAMON WELLS</u> |
| NATHAN RAMON WELLS, | ) Date:   October 18, 2010 |
| Defendant. | ) Time:   9:00 a.m. |

Pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, plaintiff United States of America, by and through its counsel of record, Assistant United States Attorney Charles E. Pell, having received and reviewed the Pre-Sentence Report ("PSR") for defendant Nathan Ramon Wells (DE 34), hereby submits the government's objection to the PSR and the government's sentencing position.  The government's position is based upon the attached Memorandum of Points and Authorities, the files and

records in this case, as well as any evidence or argument the Court may allow at the sentencing hearing.

Dated: September 28, 2010

                                  Respectfully submitted,

                                  ANDRÉ BIROTTE JR.
                                  United States Attorney

                                  SHERI PYM
                                  Assistant United States Attorney
                                  Chief, Riverside Branch Office

                                      //s//
                                  CHARLES E. PELL
                                  Assistant United States Attorney
                                  Riverside Branch Office

                                  Attorneys for Plaintiff
                                  United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

On August 2, 2010, defendant Nathan Ramon Wells ("Wells") pleaded guilty to count one of the indictment in which he is named. (Pre-Sentence Report ("PSR") ¶ 1). Count one charges defendant with interference with an operator of an aircraft, in violation of 18 U.S.C. § 32(a)(5). (Id. ¶ 2; DE 1 (Indictment)). Defendant pleaded guilty pursuant to a written plea agreement. (PSR ¶ 3; DE 31 (Plea Agreement)).

The Probation Office has determined that defendant's total offense level is 15 and that his criminal history category is III. (PSR at 3 & ¶¶ 26, 40). Based on the advisory guidelines range of 24 to 30 months, the Probation Office recommends 24 months' imprisonment. (DE 33 at 1).

**II. SUMMARY OF FACTS OF THE CASE**

On June 3, 2009, California Highway Patrol ("CHP") officers were assisting Cathedral City Police Department ("CCPD") with a possible residential burglary call. While those two CHP officers orbited the CHP helicopter approximately 700 feet above ground level, defendant used a green laser multiple times to illuminate the cockpit of the police helicopter with a bright green light, which caused both CHP officers to look away, and therefore interfered with their operation of the aircraft.

The CHP officers then used their NightSun light to light up the vehicle from which the laser-beam had emanated and followed it throughout Cathedral City. The vehicle, which defendant was driving, ultimately stopped at a residence, and defendant exited the vehicle. CCPD officer D. Hodge arrived at the location and

ordered the defendant to the ground.  As defendant went to the ground, officer Hodge observed a black pen-like item in defendant's hand.  Officer Hodge ordered defendant to drop the pen-like item, which defendant did.  Officer Hodge confirmed that the pen-like item was a laser.

On January 26, 2010, FBI special agent A. Davis interviewed defendant, and defendant confessed to pointing the laser at the police helicopter.  Specifically, defendant admitted that he was driving his car around the "Dream Homes" neighborhood in Cathedral City and noticed a helicopter hovering over that neighborhood.  Defendant admitted that he pointed a green laser at the helicopter, which he knew was a police helicopter.  When defendant pointed the laser at the police helicopter, defendant acted with a reckless disregard for the safety of human life.

### III.   GOVERNMENT'S POSITION

A.   Pre-Sentence Report (PSR)

The government raises not any objection to the PSR. Further, the government adopts its factual findings.  The government agrees with the PSR's determination of criminal history category.

B.   The Guidelines Calculation

The government agrees with the Probation Office that U.S.S.G. § 2A5.2 applies to the instant offense.  Because defendant's actions recklessly endangered the safety of the CHP helicopter, the government respectfully submits that applicable guidelines calculation should be:

Base Offense Level:      18    U.S.S.G. § 2A5.2(a)(2)

|   |   |   |
|---|---|---|
| Acceptance of Responsibility: | -3 | U.S.S.G. §3E1.1 |

**Final Offense Level:     15**

An offense level of 15 with criminal history category III yields a range of 24 to 30 months of imprisonment.

C.   The Government's Recommendation

The government respectfully recommends that defendant be sentenced to 18 months of imprisonment, which equates to the low end of the range that is two levels below the otherwise-applicable Guideline range.

The government submits that this proposed sentence comports with the Sentencing Guidelines (which are advisory in light of the Supreme Court's ruling in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)), and also takes into account the factors enumerated in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and for the sentence imposed to afford adequate deterrence to criminal conduct.

Section 3553(a)(4) instructs the Court to examine the applicable Guidelines range, which was discussed supra. Section 3553(a)(2)(B) provides that in determining the particular sentence to be imposed, the Court should consider the need for the sentence imposed "to afford adequate deterrence to criminal conduct."  General deterrence is important in this case, because the frequency of these type of laser incidents is increasing,

with not only helicopters, but also commercial airlines being lasered.  The individuals who use lasers in this illegal manner need to know that this type of crime is serious and will result in federal prison time.

Section 3553(a)(2)(C) focuses on the need for the sentence to protect the public from further crimes of the defendant. Defendant is young, but his criminal behavior is increasing, both with frequency and seriousness.  Defendant committed this crime on June 3, 2009.  (Id. ¶ 10).  Since then, he has been arrested at least five times: (1) on June 11, 2009, for possession of marijuana (id. ¶ 42); (2) on September 25, 2009, for evading arrest (id. ¶ 43); (3) on November 22, 2009, for false identification to a police officer (id. ¶ 44); (4) on November 30, 2009, for battery on a police officer[1] (id. ¶ 45); and (5) on March 1, 2010, for possession of marijuana (id. ¶46).[2]

Moreover, defendant seems to have failed to learn his lesson from this case: while on pre-trial supervision, he violated the conditions of release by being arrested by CCPD for possessing marijuana.  (Id.).[3]  Then, while on pre-sentencing release, defendant again violated his conditions of release by testing positive for marijuana.  (DE 35).  Thus, the government believes that a sizable sentence is necessary to deter defendant's

---

[1] According to the PSR, after police initiated a traffic stop on defendant, he punched a female officer in the nose, causing blood.  (Id. ¶ 45a).

[2] Defendant also possessed a knife when he was stopped.

[3] Because defendant pleaded guilty, in open court, the government abandoned its pending appeal of the Magistrate Court's decision not to revoke defendant's pre-trial release based upon his violations.

4

continued criminal conduct.

Pursuant to the plea agreement, the government and defendant agreed that a reasonable sentence under Section 3553(a) is one equivalent to the range for an offense level of 13 and defendant's criminal history.  (DE 31 § 14).  Thus, the government respectfully submits that 18 months of imprisonment – the low end of the range two levels below the applicable Guidelines range – adequately accounts for defendant's crime of lasering a law enforcement helicopter and appropriately reflects the goals and purposes of sentencing as set forth in 18 U.S.C. § 3553(a).

## IV.   CONCLUSION

Defendant used a laser to light up the cockpit of a CHP helicopter.  Although young, defendant already has a criminal history category of III and continues to commit crimes, increasing in severity.  Taking into consideration all of the factors, defendant should be sentenced to 18 months of federal prison.

Dated: September 28, 2010

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

SHERI PYM
Assistant United States Attorney
Chief, Riverside Branch Office

_____/s/_____
CHARLES E. PELL
Assistant United States Attorney
Riverside Branch Office

Attorneys for Plaintiff
United States of America

5